Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the

District of Columbia

JAMES L DRIESSEN (801) 360-8044

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

TARGET CORPORATION

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case: 1:19-cv-03360   JURY DEMAND
Assigned To : Sullivan, Emmet G.
Assign. Date : 11/7/2019
Description: Pro Se Gen. Civ. (F-DECK)

Jury Trial: *(check one)*   ☒ Yes   ☐ No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | James L Driessen (hereafter sometimes "Driessen") |
   | Street Address | 3080 Southern Elm Ct |
   | City and County | Fairfax, Fairfax |
   | State and Zip Code | VA 22031 |
   | Telephone Number | 801-360-8044 |
   | E-mail Address | jd@vibme.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

   Defendant No. 1

RECEIVED

NOV 07 2019

Page 1 of 9

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

| | |
|---|---|
| Name | Target Corporation (hereafter sometimes "Target") |
| Job or Title *(if known)* | % C T Corporation System |
| Street Address | 1010 Dale St. N |
| City and County | St. Paul |
| State and Zip Code | MN 55117 |
| Telephone Number | 612-291-1000 |
| E-mail Address *(if known)* | |

## II.  Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question         ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.  If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

As set forth more specifically below, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq. Diversity of citizenship exists under 28 U.S.C. § 1332 because James L Driessen is a resident of the state of Virginia and Target is a Minnesota Corporation whose principal place of business is in Minnesota, doing business with facilities maintained in the District of Columbia. This Court has personal jurisdiction over Target because, among other things, Target has committed, abetted, contributed to, and/or participated in the commission of patent infringement in violation of 35 U.S.C. § 271 in this judicial district and elsewhere that led to foreseeable harm and injury to James L Driessen.

This Court also has personal jurisdiction over Target because, among other things, Target has established minimum contacts within the forum such that the exercise of jurisdiction over Target will not offend traditional notions of fair play and substantial justice. For example, Target has placed products that practice and/or embody the claimed invention of U.S. Patent No. 10,304,052 (the Patent-in-Suit) into the stream of commerce with the reasonable expectation and/or knowledge that purchasers and users of such products were located within this district. In addition, Target has sold, advertised, marketed, and distributed products in this district that practice the claimed invention of the Patent-in-Suit. Target derives substantial revenue from the sale of infringing products distributed within the district, and/or expect or should reasonably expect their actions to have consequences within the district, and derive substantial revenue from interstate and international commerce. Additionally, defendant Target is a Minnesota corporate citizen and by its actions has willingly submitted to suit in this district. Further upon information and belief, Target has availed themselves of this Court in previous lawsuits. In addition, Target has knowingly, actively induced and continues to knowingly actively induce (or are willfully blind to the) infringement of one or more claims of the Patent-in-Suit within this district by making, using, offering for sale, and selling infringing products, as well as by contracting with others to use, market, sell, and offer to sell infringing products, all with knowledge of the asserted Patent-in-Suit, and their claims, with knowledge that their customers will use, market, sell, and offer to sell infringing products in this district and elsewhere in the United States, and with the knowledge and specific intent to encourage and facilitate infringing sales and use of the products by others within this district and the United States by creating and disseminating promotional and marketing materials, instructional materials, and product manuals, and technical materials related to the infringing products.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Moreover, Target knowingly contributed to the infringement of one or more of the claims in the Patent-in-Suit by others in this district, and continue to contribute to the infringement of one or more of the Patents-in-Suit by others in this district by selling or offering to sell components of infringing products in this district, which components constitute a material part of the invention of the Patent-in-Suit, knowing of the patent-in-suit and its claims, knowing those components to be especially made or especially adapted for use to infringe one or more of the Patents-in-Suit, and knowing that those components are not staple articles or commodities of commerce suitable for substantial non-infringing use. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because Target is subject to personal jurisdiction in this district and has committed acts of infringement in this district.

**B.     If the Basis for Jurisdiction Is Diversity of Citizenship**

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

        The plaintiff, *(name)* James L Driessen, is a citizen of the State of *(name)* Virginia.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

    b.  If the defendant is a corporation

        The defendant, *(name)* Target Corporation, is incorporated under the laws of the State of *(name)* Minnesota, and has its principal place of business in the State of *(name)* Minnesota.
        Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

According to best estimates currently available to the Plaintiff, there were approximately 400 Million instrumentalities sold in 2017 that contained a retail representation of an online digital product known as "+ Digital" or "Redeem Code" (identical to the alleged infringing instrumentality herein) sold by Target in the United States. There is very limited availability to an outsider for Target market and sales data and while the exact numbers for 2019 (and/or the time periods relevant to this patent enforcement action), Plaintiff has confirmed several hundred alleged infringing instrumentalities on any given day in every one of the several of the stores Plaintiff has visited which are located within the District of Columbia and in other states. Driessen has consulted with external counsel on many occasions and has spent considerable attorneys fees in preparation for bringing this suit and will continue to incur legal expenses and attorney fees despite handling the bulk of this action pro-se.

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Sections I and II above with their included paragraphs are incorporated by reference as if fully stated herein. U.S. Patent No. 10,304,052 "Retail Point of Sale Apparatus for Internet Merchandising" (hereafter sometimes '052 patent) is valid and enforceable (Exhibit A). Target has infringed, and continues to infringe, one or more claims of the '052 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling,

offering for sale, and/or importing into the United States, digital media known as "DVD + Digital" "Blu-ray + Digital" and/or "Blu-ray + DVD + Digital." Many of the products sold by Target include an "INSTANT DIGITAL COPY" as provided through third party media streaming and "digital locker" and "digital catalogue" services. In other sales the infringing instrumentalities are sold as other product names such as "digital copy" "UltraViolet" "Movies Anywhere" "Digital Now" "WB Digital" "Fox Digital" "Fox Digital Copy" "All Access" "XBOX Live" "DIGITAL CODE" and other marketing, branding, or product descriptions (hereafter "Branded Digital Copy").

Target and/or customers and suppliers (e.g. endusers, distributors, retailers, and online vendors) directly infringe one or more claims of the '052 patent under 35 U.S.C. § 271(a) by selling, offering to sell, or importing Branded Digital Copy products in the United States. Target has also actively induced infringement of, and continues to actively induce infringement of, one or more claims of the '052 patent under 35 U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by selling, importing, and/or offering for sale other Branded Digital Copy versions of the '052 Infringing Products to its customers with the knowledge of the '052 patent and its claims, with knowledge that its digital disc suppliers will fulfill the redemption offerings with knowledge and specific intent to encourage and facilitate those infringing sales of the '052 Infringing Products through the selling of the Branded Digital Copy versions, which Target knows contain URL links to other online vendors (streaming and digital locker related) and creating and disseminating promotional and marketing materials, instructional inserts, manuals, and other technical materials related to the '052 Infringing Products.

Target has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '052 patent under 35 U.S.C. § 271(c) and/or 271(f), either literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or importing into the United States, the '052 Infringing Products and Branded Digital Copy versions, knowing that those products constitute a material part of the inventions claimed in the '052 patent, knowing that those products are especially made or adapted to

infringe, and knowing that those products are not staple articles or commodities of commerce suitable for non-infringing use; rather that the components are used for or in systems that infringe one or more claims of the '052 patent.

Target has knowledge of the invention claimed in the '052 patent since at least as early as 2009, when Driessen sued Target for patent infringement of the parent patent US 7,003,500 (hereafter '500 Patent") in Utah Federal District Court 2:2009 cv 00140 which resulted in some of claims of the '500 Patent being invalidated for perceived indefiniteness. The '052 patent has presumptively corrected those technicalities in the claiming language. November 1, 2019 Driessen informed Target that the '052 patent had issued, correcting any perceived indefiniteness of the '500 patent claims and proposed scheduling a time to meet and participate in licensing discussions . Target has known about the '500 parent patent since as far back as 2007.

On information and belief, Target had knowledge of the '052 patent application since the time it was published as US Patent Publication No. 2017/0004489 on January 5, 2017, as a result of monitoring Driessen's patent prosecution activities. Target has infringed, and continues to infringe, the '052 patent. Driessen has been and continues to be damaged by Target's infringement of the '052 patent. Target has willfully infringed, and continues to willfully infringe, the '052 patent despite having knowledge of the '052 patent at least through Driessen's November 7, 2019 correspondence concerning their infringement.  Target's conduct in infringing the '052 patent renders this case exceptional within the meaning of 35 U.S.C. § 285. The BLU-RAY + DVD + DIGITAL product (and those mentioned above by any other name) are a payment system, method of merchandise transfer, and/or method for selling (as set forth in claims 1, 14, and 19 of the '052 patent respectively) for preselected and itemized content serialized downloadable media material objects with codes on a physical access CARD according to the preliminary claim chart (Exhibit B) which at this stage of the litigation is not binding and subject to final submission during standard and patent specific discovery process.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Driessen prays for judgment as follows:

A. A holding and judgment that Target has directly and/or indirectly infringed the Patent-in-Suit;

B. That Target has willfully infringed each asserted claim of the Patent-in-Suit;

C. That Driessen be awarded all damages adequate to compensate him for Target's infringement of the Patent-in-Suit, including damages pursuant to 35 U.S.C. §284 and provisional damages pursuant to 35 U.S.C. § 154(d), such damages to be determined by a jury and, if necessary to adequately compensate Driessen for the infringement, an accounting, and that such damages be trebled and awarded to Driessen with pre-judgment and post-judgment interest;

D. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Driessen be awarded the attorney fees, costs, and expenses that he incurs prosecuting this action; and

E. That Driessen be awarded such other and further relief as this Court deems just and proper.

## V. Demand For Jury Trial

Plaintiff Driessen hereby demands a trial by jury on all issues so triable.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11-7-19

Signature of Plaintiff: *James L. Driessen*
Printed Name of Plaintiff: James L. Driessen

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address